Andres PEDRO–FRANCISCO,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–72035.
Agency No. A78–263–350.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2006.*

Decided May 18, 2006.

Kevin A. Bove, Escondido, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Douglas E. Ginsburg, Jonathan F. Potter, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

## MEMORANDUM**

In this petition for review of his removal order, Andres Pedro–Francisco, a native and citizen of Guatemala, challenges the Legalization Appeals Unit's ("LAU") order dismissing his appeal from the denial of his 1988 application for temporary resident status as a Special Agricultural Worker ("SAW"). We have jurisdiction pursuant to 8 U.S.C. § 1160(e)(3)(A). The LAU's decision "shall be conclusive unless the applicant can establish abuse of discretion or that the findings are directly contrary to clear and convincing facts contained in the record considered as a whole." *Perez–Martin v. Ashcroft,* 394 F.3d 752, 758 (9th Cir.2005) (quoting 8 U.S.C. § 1160(e)(3)(B)). Our review is "based solely upon the administrative record established at the time of the review by the appellate authority." 8 U.S.C. § 1160(e)(3)(B). We deny the petition for review.

■ Pedro–Francisco appealed the Immigration and Naturalization Service's ("INS") denial of his SAW application, which was based on information indicating his claim to qualifying employment was fraudulent. *See Perez–Martin,* 394 F.3d at 758–60 (describing burden-shifting analysis of SAW determination). The LAU dismissed Pedro–Francisco's appeal as untimely because he filed his appeal more than six months after the INS sent its decision via certified mail to his address of record. *See* 8 C.F.R. § 103.3(a)(3) (1992) (providing that an appeal of a SAW decision "must be taken within 30 days after service of the notification of decision accompanied by any additional new evi-

dence"); 8 C.F.R. § 103.5a (1992) (specifying manner in which INS shall serve notice of its decisions). We reject Pedro–Francisco's contention that the time for filing an appeal was restarted when the INS sent a courtesy copy of its decision to his new address. We cannot conclude that the LAU abused its discretion in dismissing Pedro–Francisco's appeal.

■ We deny as moot Pedro–Francisco's petition for review of the Board of Immigration Appeals' decision dismissing his appeal from the immigration judge's denial of a continuance in the underlying removal proceedings.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

